CITY OF NEW YORK v. CORN.

(Supreme Court, Appellate Term. February 8, 1912.)

1. EVIDENCE (§ 32*)—JUDICIAL NOTICE—CHARACTER OF PLEADINGS.
   The New York Supreme Court takes judicial notice that a loft building is among the buildings specified in New York City Building Code, § 103, as required to be provided with fire escapes, exits, etc.
   [Ed. Note.—For other cases, see Evidence, Cent. Dig. § 42; Dec. Dig. § 32.*]

2. HEALTH (§ 32*)—NEW YORK BUILDING CODE—SUPERINTENDENT OF BUILDINGS—DISCRETION.
   Exercise of the discretion of the superintendent of buildings of New York City, under Building Code, § 103, in requiring fire exits to be provided for in a loft building, can be controlled by the courts only for abuse.
   [Ed. Note.—For other cases, see Health, Dec. Dig. § 32.*]

Appeal from Municipal Court, Borough of Manhattan, Fifth District.

Action by the City of New York against Henry Corn. Judgment for plaintiff, and defendant appeals. Affirmed.

Argued January term, 1912, before SEABURY and GERARD, JJ.

George Hahn, for appellant.

Archibald R. Watson, Corp. Counsel (John P. O'Brien and Louis Gans, of counsel), for respondent.

GERARD, J. This action was brought to recover a penalty of $250, by reason of defendant's failure to comply with an order of the superintendent of buildings, directing that he provide certain specified means of egress in case of fire from the premises, 158–160 Greene street. Section 103 of the Building Code provides:

"That every factory, mill, manufactory or workshop, * * * and every building three stories and over in height, used or occupied as a store or work room, and every office building five stories or more in height, shall be provided with such good and sufficient fire escapes, stairways or other means of egress to be provided," etc.

Testimony showed that the building in question was seven or eight stories high and was a loft building.

[1] This court can take judicial notice that a loft building is among the buildings specified in section 103, above cited. The contention of defendant is that the order of the superintendent of buildings was

unreasonable, and he claims that the building was already amply protected against fire.

[2] In the first place, I am of the opinion that the court below was justified in finding that the order was reasonable; and, in any event and secondly, that unless the superintendent of buildings abuses his discretion the courts have no right to interfere with the discretion vested in him by section 103. N. Y. Fire Department v. Atlas Steamship Co., 106 N. Y. 566, 13 N. E. 329. Mr. Justice Barrett, in Fire Department v. Tallman, Daily Register, May 31, 1883, said:

"The court has no general power to revise the judgments of the fire department and of its officers. The responsibility of protecting the lives of our citizens from fire rests upon them. The inspector is presumed to be a competent expert and to act with honest judgment. The law directs the court to execute the official mandate, and the court will not interfere with the exercise of the discretionary power in question, unless that exercise is so clearly improper that any intelligent mind can see the plain and manifest injustice and unreasonableness of the demand."

The judgment should be affirmed, with costs.

SEABURY, J., concurs. HOTCHKISS, J., taking no part.